The STATE of Ohio, Appellee,

v.

McPHERSON, Appellant.

[Cite as *State v. McPherson* (2001), 143 Ohio App.3d 741.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 78234.

Decided June 4, 2001.

*William D. Mason,* Cuyahoga County Prosecuting Attorney, and *Renee L. Snow,* Assistant Prosecuting Attorney, for appellee.

*Fred D. Middleton,* for appellant.

JAMES J. SWEENEY, Judge.

Charles McPherson appeals from a decision of the court of common pleas finding him guilty of soliciting prostitution with knowledge that he was positive for HIV. On appeal, he claims that his conviction was against the manifest weight of the evidence, that there was insufficient evidence to show that he had actual knowledge of his positive HIV test, and that the trial court erred in finding him a sexually oriented offender. After careful review, we affirm the conviction but vacate the classification of McPherson as a sexually oriented offender with address and verification requirements for ten years.

The record presented to us on appeal reveals that on January 18, 2000, McPherson was arrested by Detective John Hall of the Cleveland Police Department for solicitation of prostitution. On March 28, 2000, McPherson was indicted with one count of soliciting of prostitution after a positive HIV test, in violation of R.C. 2907.24. On April 4, 2000, McPherson pled not guilty and attorney Timothy Riley was appointed to defend him.

On May 17, 2000, McPherson waived a jury trial and a bench trial commenced. On May 19, 2000, following the bench trial, McPherson was found guilty. On June 20, 2000, McPherson was sentenced to a term of three years' incarceration with credit for time served. McPherson was also classified as a sexually oriented offender and ordered to register his address and verification annually for ten years pursuant to R.C. 2950.03. It is from this decision that McPherson now appeals and raises three assignments of error:

"I. The conviction of appellant was against the manifest weight of the evidence."

In his first assignment of error, McPherson contends that his conviction for solicitation with the knowledge that he is HIV positive was against the manifest weight of the evidence. The state maintains that the trial court evaluated the trial testimony and evidence and reasonably determined that McPherson had committed the crime for which he was charged. The issue here concerns whether McPherson's conviction was against the manifest weight of the evidence.

The proper standard to employ when considering an argument that a conviction is against the manifest weight of the evidence has been set forth as follows:

"The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins* (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541, 547.

■ Appellate courts should sustain manifest weight arguments only in the most extraordinary cases. *Id.*

The offense of solicitation is contained in R.C. 2907.24, which states:

"(A) No person shall solicit another to engage with such other person in sexual activity for hire.

"(B) No person, with knowledge that the person has tested positive as a carrier of a virus that causes acquired immunodeficiency syndrome, shall engage in conduct in violation of division (A) of this section.

"* * *

"(C)(2) Whoever violates division (B) of this section is guilty of engaging in solicitation after a positive HIV test. * * * If the offender commits the violation on or after July 1, 1996, engaging in solicitation after a positive HIV test is a felony of the third degree."

■ McPherson first argues that the evidence does not demonstrate that he solicited Det. Hall for sexual activity for hire. Rather, McPherson claims that Det. Hall initiated the conversation concerning sexual activity by asking "how much for head?" The record, however, reflects otherwise.

At trial, Det. Hall testified that he was working undercover at the intersection of East 123 Street and Kinsman in Cleveland, Ohio, on January 18, 2000. On that date, Det. Hall witnessed McPherson attempting to hail down vehicles and recognized him as someone who had previously been arrested for soliciting prostitution and had been tested for and knew that he had tested positive for HIV because that information had been posted in the district.

Subsequently, Det. Hall pulled up to the intersection where McPherson approached the passenger side of the vehicle and asked Det. Hall, "What's up?" Det. Hall responded in a like manner, waved McPherson into the vehicle, and then asked McPherson "What was good?" to which McPherson replied "the head is good," a street term for oral sex. McPherson told Det. Hall it would be $10 for the head. McPherson was then placed under arrest for solicitation.

After reviewing the record, weighing the evidence, and considering the credibility of the witnesses, we find that the trial court did not clearly lose its way pursuant to *Thompkins, supra.* The record adequately demonstrates that McPherson's conduct constitutes solicitation within the purview of R.C. 2907.24(A). This is evidenced by the fact that McPherson initiated contact with Det. Hall, was the first person to propose any sexual activity, and was the first person to mention money. See *State v. Blevins* (Dec. 20, 2000), Allen App. No. 1–2000–63, unreported, 2000 WL 1859829. Thus, the conviction for solicitation is not against the manifest weight of the evidence.

■ McPherson next argues that the evidence does not demonstrate that he had knowledge of his positive HIV test results. Again, we disagree with this argument because the record reflects otherwise.

At trial, Det. Hall testified that he recognized McPherson as someone who had previously been arrested for soliciting prostitution and had been tested for and knew that he had tested positive for HIV because that information had been posted in the district. Specifically, the state introduced a report dated November 29, 1998, which was posted in the Vice Unit Office that identified McPherson as a known prostitute with HIV. The state also introduced a medical report from St. Vincent Charity Hospital, dated March 31, 1998, regarding McPherson's positive testing for HIV. Finally, the trial court noted that "the normal procedure is that the results of the test are communicated to the patient."

After reviewing the record, weighing the evidence, and considering the credibility of the witnesses, we find that the trial court did not clearly lose its way pursuant to *Thompkins, supra.* The record adequately demonstrates that McPherson knew that he had HIV when he engaged in solicitation. Accordingly, McPherson's conviction for soliciting prosecution after a positive HIV test was not against the manifest weight of the evidence and the first assignment of error is overruled.

"II. There is insufficient evidence supporting this conviction for soliciting prostitution after a positive HIV test."

In his second assignment of error, McPherson contends that there was insufficient evidence to show that he knew that he had tested positive for HIV. The state maintains that the evidence presented at trial clearly supported McPherson's conviction for solicitation with the knowledge that he was HIV positive. The issue here concerns whether there was insufficient evidence to support McPherson's conviction for soliciting prosecution after a positive HIV test.

■ When reviewing the sufficiency of the evidence to support a conviction, an appellate court must review the record to determine "whether the evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492. In *Jenks,* the Supreme Court set forth the stringent standard of review to be applied in a sufficiency analysis:

"The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.*

■ Here, the trial court could find each element of the crime of soliciting prostitution after a positive HIV test. The testimony of Det. Hall, who was directly solicited by McPherson, the 1998 police report, with a photograph and information on McPherson as a male who had tested positive for HIV and who was arrested by the street crime unit for loitering for prostitution, and the 1998 Outpatient Summary Report from St. Vincent Charity Hospital, with McPherson's positive HIV test results, indicate that any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. *Id.*

Accordingly, McPherson's conviction for soliciting prosecution after a positive HIV test was sustained by sufficient evidence and the second assignment of error is overruled.

"III. It is reversible error for the court to hold that a conviction for R.C. 2907.24 is a sexually oriented offense as defined in R.C. 2950.01."

In his third and final assignment of error, McPherson contends that the trial court erred in classifying him as a sexually oriented offender. The state concedes that McPherson was wrongly classified a sexually oriented offender because his conviction for soliciting under R.C. 2907.24 does not constitute a "sexually oriented offense."

R.C. 2950.01(D) provides that a "sexually oriented offense" is any of the following:

"(1) Regardless of the age of the victim of the offense, a violation of section 2907.02, 2907.03, or 2907.05 of the Revised Code;

"(2) Any of the following offenses involving a minor, in the circumstances specified:

"(a) A violation of section 2905.01, 2905.02, 2905.03, 2905.04, 2905.05, or 2907.04 of the Revised Code when the victim of the offense is under eighteen years of age;

"(b) A violation of section 2907.21 of the Revised Code when the person who is compelled, induced, procured, encouraged, solicited, requested, or facilitated to engage in, paid or agreed to be paid for, or allowed to engage in the sexual activity in question is under eighteen years of age;

"(c) A violation of division (A)(1) or (3) of section 2907.321 or 2907.322 of the Revised Code;

"(d) A violation of division (A)(1) or (2) of section 2907.323 of the Revised Code;

"(e) A violation of division (B)(5) of section 2919.22 of the Revised Code when the child who is involved in the offense is under eighteen years of age.

"(3) Regardless of the age of the victim of the offense, a violation of section 2903.01, 2903.02, 2903.11, or 2905.01 of the Revised Code, or of division (A) of section 2903.04 of the Revised Code, that is committed with a purpose to gratify the sexual needs or desires of the offender;

"(4) A sexually violent offense;

"(5) A violation of any former law of this state that was substantially equivalent to any offense listed in division (D)(1), (2), (3), or (4) of this section;

"(6) A violation of an existing or former municipal ordinance or law of another state or the United States, a violation under the law applicable in a military court, or a violation under the law applicable in an Indian tribal court that is or was substantially equivalent to any offense listed in division (D)(1), (2), (3), or (4) of this section;

"(7) An attempt to commit, conspiracy to commit, or complicity in committing any offense listed in division (D)(1), (2), (3), (4), (5), or (6) of this section."

R.C. 2907.24, the crime for which McPherson was convicted, does not constitute a sexually oriented offense as defined in R.C. 2950.01(D). *State v. Herring* (June 12, 1998), Hamilton App. No. C–970601, unreported, 1998 WL 315914. Thus, McPherson should not have been adjudicated a sexually oriented offender based upon his conviction, and this assignment of error is well taken. Accordingly, the trial court's order dated June 20, 2000, determining that McPherson had been convicted of a sexually oriented offense and classifying him as a sexually oriented offender with address registration and verification requirements for ten years, is erroneous and is hereby vacated.

*Judgment accordingly.*

JAMES D. SWEENEY, P.J., and TERRENCE O'DONNELL, J., concur.